HORTON, J.,
concurring.
I join in the Court’s opinion. I write separately to caution practitioners that this decision has limited precedential value because this Court is not retreating from the well-established line of authority holding that “[t]he claimant’s burden is to prove to a reasonable degree of medical probability that the injury she claims benefits for is causally related to an accident occurring in the course of employment” and “[t]he claimant must prove causation by expert medical testimony.” Shubert v. Macy’s W., Inc., 158 Idaho 92, 100, 343 P.3d 1099, 1107 (2015), overruled on other grounds by Chavez v. Stokes, 158 Idaho 793, 353 P.3d 414 (2015).
In my view, our decision is grounded in no small part by the unreasonable position advocated by Respondent. The discussion between Respondents’ counsel and Justice Brody, regarding the Surety’s previous acceptance of Weymiller’s CTS claim in 2000 without supporting medical evidence regarding causation, illustrates my point. Counsel indicated that Surety frequently accepts claims without supporting medical evidence of causation in order to quickly provide claimants benefits “without always having to jump through the hoops.” Given Weymiller’s long-standing CTS symptomology, Justice Brody asked the reasonable follow-up question.
JUSTICE BRODY: Why are we making her jump through the hoops today?
RESPONDENTS’ COUNSEL: I think it was always our right to be able to make her jump through the hoops.
To the extent that lessons may be drawn from today’s decision, they are: (1) this Court takes to heart the proposition that the Idaho Worker’s Compensation Act is intended to provide sure and certain relief to an injured worker; and (2) therefore, this Court will not assist a Surety in its insistence on the right to unreasonably deny medical service, including palliative care, to which a claimant is manifestly entitled.
Justice BRODY concurs